IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| SHERRY L. JESSEE | ) | CASE NO. 06-71135 |
| | ) | |
| Debtor. | ) | CHAPTER 7 |

_____

## MEMORANDUM DECISION

The matter before the Court is the effect of the Debtor's failure to receive credit counseling within 180 days preceding the filing of her petition even though she did receive it more than 180 days prior to the filing date and again within a few days following such filing. This Court on October 27, 2006 issued a Show Cause Order directing the Debtor and her counsel to appear and explain why this case should not be dismissed due to the failure to file her petition within 180 days following her credit counseling briefing. Although they failed to appear, on November 8, 2006, the Court took the matter under advisement, with Debtor's counsel being permitted to file written argument. The Debtor's counsel filed a letter brief in support of his position on November 22, 2006. The matter is now ready for decision by this Court.

After due consideration of the facts and circumstances of this case and the applicable law, the Court concludes that the Show Cause against the Debtor and her counsel should be dismissed.

FINDINGS OF FACT

The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 3, 2006. On October 4, 2006, the Clerk issued a deficiency order to the Debtor as the petition was filed without a certification that she received an approved credit counseling

briefing in the 180 day period preceding the filing of the petition or a certification of exigent circumstances. On October 6, 2006, the Debtor filed a Certificate of Counseling stating that she received credit counseling on March 6, 2006. On October 16, 2006, the Debtor filed another Certificate of Counseling stating that she also received counseling on October 13, 2006. On October 27, 2006, the Clerk of the Bankruptcy Court issued a Show Cause Order ordering the Debtor and her counsel to appear at a hearing on November 8, 2006 to show cause "why this Case should not be Dismissed for Debtor's Failure to Comply with the Deficiency Order entered on October 4, 2006 that requires Credit Counseling within the 180 days prior to the filing of the bankruptcy petition, and if good cause not be shown, further to SHOW CAUSE why this Case should not be Dismissed." Neither the Debtor nor her counsel appeared at the hearing on November 8, 2006. On November 22, 2006, the Debtor's counsel upon the Court's invitation submitted a letter in support of his position that the Debtor's case should not be dismissed. Debtor's counsel stated that he had anticipated filing her petition shortly after the Debtor's initial contact with his office and instructed her to obtain credit counseling, but the Debtor was unable to provide his office with the information necessary to file the petition as promptly as anticipated, including the necessary filing fee. Mr. Proctor notes that the fact that more than six months had elapsed between the date of her initial counseling and when the petition was filed was an oversight by his office. When he was alerted to the deficiency, he requested that the Debtor take the credit counseling course again by telephone, which she did. Neither the Trustee nor the United States Trustee filed a response to the Debtor's letter brief.

CONCLUSIONS OF LAW

This Court has jurisdiction of this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. This is a "core" bankruptcy matter pursuant to 28 U.S.C. § 157(b)(2)(A).

Because this case was filed after October 17, 2005, it is governed by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L 109-8, 119 Stat. 23 (April 20, 2005). Under this law, an individual may not be a debtor unless, during the 180-day period preceding the date of filing of the petition, he or she received from an approved nonprofit budget and credit counseling agency an individual or group briefing that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis. 11 U.S.C. § 109(h)(1). The requirement may be deferred with respect to a debtor who submits to the court a certification that

> (i) describes exigent circumstances that merit a waiver of the requirement of paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
>
> (iii) is satisfactory to the court.

11 U.S.C. § 109(h)(3)(A). All of these three conditions must be satisfied.

Section 109(h) is clear that in the absence of credit counseling in the 180 days preceding the filing, or a statement, not only of exigent circumstances, but also that the debtor attempted but was unable to obtain counseling within five days of the request, the certification is insufficient, leaving the court with no choice but to dismiss the case. *In re Silesia M. Louredo*,

3

No.05-15846-SSM, slip op. at 1-2 (Bankr. E.D. Va., November 16, 2005) (citing *In re Timothy C. Watson*, No. 05-77864-DHA (Bankr. E.D.Va., November 3, 2005)). "Congress clearly intended, except in specific limited circumstances, that credit counseling <u>precede</u> a bankruptcy filing precisely so that persons considering a bankruptcy filing could be informed about, and have an opportunity to consider, alternatives to bankruptcy." *Id*. at 2.

Debtor's counsel argues that, despite the requirement of section 109(h), this case should not be dismissed as the Debtor has complied with the purpose of the statute.

> Ms. Jessee has certainly complied with the purpose of the statute requiring this counseling, by completing the course promptly after being advised by the court of the deficiency. The initial breech [sic] of the 180 day requirement was slight. She has now completed the course not once, but twice. To dismiss her pending petition and undergo the additional burden of re-filing would serve no purpose. Based on her completing the counseling course on October 13, 2006, she would be eligible to re-file on that certificate for another 180 days. The overall purpose of the bankruptcy statute, which is to provide debtor's [sic] with a reasonable opportunity for a fresh economic start, is defeated by an interpretation of this requirement that exhalts [sic] form over substance.

(Position Letter 1 -2).

In the instant case, the Debtor initially obtained credit counseling slightly more than 180 days prior to the filing of her petition. While it is true that the wording of the statute does not authorize the Debtor's filing because her pre-filing credit counseling class was more than 180 days before the filing date and her post-filing class was not pursuant to a pre-filing request which could not be met within five days, nevertheless she would immediately be eligible to re-file her petition if the present case were dismissed. To dismiss the Debtor's case in the face of her desire to maintain it and the lack of any opposition by the Trustee, the United States Trustee or any other party in interest, would serve no practical purpose other than to impose a

new filing fee upon the Debtor and subject her to the risks that a subsequent filing under BAPCPA would entail. Such a result would not only be a harsh sanction, but in the circumstances of this particular Debtor would cause a meaningless and absurd result. This Court has enforced invariably[1] the requirement of section 109(h) against uninformed debtors who have filed petitions without either obtaining a pre-filing briefing or requested one which could not be provided within five days of the making of such request, because not to do so would not only fly in the face of the words of the statute, but also ignore the evident intent of Congress to require a briefing before filing a bankruptcy petition in all but the most limited and special circumstance. In contrast to those cases, here the Debtor obtained a credit counseling briefing and nevertheless decided thereafter that filing a chapter 7 bankruptcy petition was the best thing for her to do. While it might be said that the Court's action in dismissing its own show cause order amounts to a refusal to apply the precise wording of the statute in a difficult and sympathetic case, it chooses to characterize its decision as simply a rational exercise of its discretion to control its own docket in a manner consistent with both the general purpose of Congress and a common sense appreciation for the pointless injurious consequences of ruling otherwise.

## CONCLUSION

Although the particular circumstances here are not ones provided for or apparently contemplated by the statutory provisions, the Court is satisfied that they do fulfill the

---

[1] *See In re Thomason*, No.05-75810 (Bankr. W.D. Va., January 6, 2006); *In re Loving*, No. 06-70183 (Bankr. W.D. Va., March 24, 2006); *In re Wolford*, No.05-75793, (Bankr. W.D. Va., April 19, 2006).

purpose of the statutory provision and the general intent of Congress insofar as this Court is able to discern such intent. Therefore, the Court will dismiss the Show Cause against the Debtor and her counsel in this case. An order to such effect will be entered contemporaneously with the signing of this Decision. The Clerk is requested to send a copy of this Memorandum Decision to each of the following: the Debtor, Debtor's Counsel, the Chapter 7 Trustee, and the Office of the United States Trustee.

This 11th day of December, 2006.

*William F. Stone, Jr.*

UNITED STATES BANKRUPTCY JUDGE